UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY VICTORIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00534-JPH-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Michael Victoria seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the
reasons that follow, his petition for writ of habeas corpus must be **denied**.

Mr. Victoria's habeas petition under 28 U.S.C. § 2241 is subject to preliminary review to
determine whether "it plainly appears from the face of the petition and any exhibits annexed to it
that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing
§ 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so,
the petition must be summarily dismissed. Rule 4.

Based on a review of the petition, the Court has determined that the petition is subject to
dismissal. Mr. Victoria challenges the effectiveness of his counsel's representation during criminal
proceedings in the United States District Court for the Eastern District of Texas. *United States v.
Victoria*, 1:17-cr-00091-MAC-ZJH (E.D. Tex. Mar. 21, 2018). Mr. Victoria alleges that counsel
provided ineffective assistance by failing to file an appeal and failing to ensure that a stipulation
from his plea agreement was included in the presentence investigation report.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal
prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

1

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.

2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

A petition under § 2241, as limited by the savings clause of § 2255(e), is not the proper avenue for Mr. Victoria to seek post-conviction relief. Mr. Victoria's claims of ineffective assistance of counsel are not cognizable under § 2241 because they do not satisfy the first or second *Davenport* requirement. A criminal defendant's right to effective assistance of counsel is grounded in the Sixth Amendment. *See Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) ("The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel."). This has long been recognized and analyzed by the Supreme Court. *See Strickland v. Washington*, 466 U.S. 668, 684 (1984) (identifying "long line of cases" that examine the Sixth Amendment right to counsel). Therefore, Mr. Victoria's claims are based neither on a case of statutory interpretation nor on new rules previously unavailable to him.

Mr. Victoria's claims should be presented in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The fact that he filed an untimely motion under § 2255 does not make § 2255 "inadequate or ineffective" such that the savings clause of § 2255(e) applies. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) ("Failure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'") (quoting 28 U.S.C. § 2255)).

For the foregoing reasons, Mr. Victoria's § 2241 petition is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/1/2021

*James Patrick Hanlon*
_____
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL ANTHONY VICTORIA
12673-078
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808